IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Montaine Lawton,                              )    C/A No. 2:20-cv-01527-DCC
                              Plaintiff,      )
                                              )
v.                                            )
                                              )
South Carolina Department of                  )    **OPINION AND ORDER**
Corrections; and Captain Travis Reese,        )
                                              )
                              Defendants.      )
_____ )

This matter comes before the Court on Defendant South Carolina Department of
Corrections' ("SCDC") Motion for Summary Judgment. ECF No. 21. In accordance with
28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United
States Magistrate Judge Mary Gordon Baker for pre-trial handling and a Report and
Recommendation ("Report"). On June 29, 2021, the Magistrate Judge issued a Report
recommending that the Motion be granted and Plaintiff's negligence/gross negligence
claim against SCDC be dismissed with prejudice. ECF No. 26. In the alternative, should
the Court find merit to Plaintiff's claim, the Magistrate Judge recommended that SCDC's
request to dismiss Plaintiff's claim for costs of future dental care be denied. *Id.* The
Magistrate Judge advised the parties of the procedures and requirements for filing
objections to the Report and the serious consequences if they failed to do so. Both
Plaintiff and SCDC filed objections. ECF Nos. 27, 28.

## BACKGROUND

This case arises from an incident at Broad River Correctional Institution in
Columbia, South Carolina on August 1, 2018. ECF No. 1-1 at 3. Plaintiff, an inmate, was

being escorted to medical by Defendant Travis Reese ("Reese"), an employee of SCDC, when Reese pushed him, causing him to fall to the ground and sustain bodily injuries. *Id.* at 2–3. Plaintiff's arms and legs were shackled, and his hands were cuffed behind his back at the time. *Id.* at 3. The incident was captured on video inside the correctional facility, and neither SCDC nor Reese deny that the incident occurred. ECF Nos. 21-1 at 1; 23-3 at 4–5. Reese was thereafter charged with Assault and Battery in the Third Degree and Misconduct in Office. ECF No. 21-3 at 2.

Plaintiff brought suit against SCDC and Reese in the Court of Common Pleas for the Fifth Judicial Circuit in Richland County, South Carolina on August 29, 2019. ECF No. 1-1. In his Complaint, Plaintiff alleged a violation of his constitutional rights pursuant to 42 U.S.C. § 1983 against Reese and a state law negligence/gross negligence[1] claim against SCDC. *Id.* at 2–5. SCDC removed the case to this Court on April 21, 2020. ECF No. 1 at 1–3. SCDC filed a Motion for Summary Judgment on April 26, 2021. ECF No. 21. Plaintiff filed a Response in Opposition on May 11, 2021, and SCDC filed a Reply on May 18, 2021. ECF Nos. 23, 24. The Magistrate Judge issued a Report on June 29, 2021, recommending that the Motion be granted and Plaintiff's gross negligence claim against SCDC be dismissed with prejudice. ECF No. 26. Both Plaintiff and SCDC filed objections to the Report. ECF Nos. 27, 28.

---

[1] Plaintiff's Complaint alleges a state law claim for negligence and gross negligence against SCDC, and the Report refers to this claim as Plaintiff's negligence/gross negligence claim. However, the Court notes that the South Carolina Tort Claims Act generally exempts governmental entities, such as SCDC, from liability unless "their responsibility or duty is exercised in a grossly negligent manner." S.C. Code Ann. § 15-78-60(25). Accordingly, the only negligence claim that can be properly brought against SCDC is for gross negligence. Therefore, for ease of reference, the Court will refer to Plaintiff's claim against SCDC as a gross negligence claim.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## DISCUSSION

As an initial matter, the Magistrate Judge provides a thorough recitation of the facts and the applicable law, which the Court incorporates by reference, except as noted below. Briefly, in his Complaint, Plaintiff alleges that Reese "was acting within the course and scope of his official duties as an employee of [SCDC]" and that SCDC "had the right and/or power to direct and control the manner in which its employees and/or agents executed their duties." ECF No. 1-1 at 2. He further claims that his injuries and damages were directly and proximately caused by the "careless, reckless, willful, and grossly negligent acts" of SCDC "in violation of the statutes and common laws of the State of South Carolina." *Id.* at 4. The acts alleged in the Complaint include:

(a) In failing to follow prescribed organizational values;

(b) In failing to follow prescribed policies, procedures, and/or safety rules;

. . .

(d) In failing to properly train its officers such that they did not use excessive force; [and]

(e) In failing to supervise its officers in their actions and allowing the Officers to use excessive force against Plaintiff and inflict and cause personal injury, mental and emotional distress, anguish and suffering[.][2]

*Id.*

### I. Gross Negligence

In recommending that SCDC's Motion for Summary Judgment be granted, the Magistrate Judge determined in her Report that Plaintiff's gross negligence claim hinges on SCDC's own conduct, rather than Reese's conduct attributable to SCDC as his employer, because Plaintiff failed to assert any vicarious liability claim against SCDC for Reese's tortious conduct. ECF No. 26 at 5. Plaintiff objects to the Magistrate Judge's analysis of this claim, arguing that SCDC is liable for Reese's conduct under the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-70. *See* ECF No. 27 at 1.

The Court agrees with Plaintiff that the Magistrate Judge erred in analyzing his gross negligence claim based solely on SCDC's conduct rather than Reese's tortious acts because the doctrine of vicarious liability is not required to be alleged in claims brought pursuant to the SCTCA. In *Newkirk v. Enzor*, the Court stated:

---

[2] Prior to removal of the case to this Court, the state court granted SCDC's Motion to Strike subsections 18(c) and 18(f) from the Complaint. ECF No. 1-1 at 14–15. Subsection 18(c) alleged "[i]n failing to use the degree of care and caution that a reasonable and prudent police department would have used under the circumstances then and there prevailing." *Id.* at 4. Subsection 18(f) alleged "[f]or such other acts and omissions that the triers of fact may determine." *Id.*

> The remedy provided by [the SCTCA] is the exclusive civil remedy available *for any tort* committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b). The doctrine of *respondeat superior* therefore is inapplicable to claims against South Carolina governmental entities and their employees. Governmental entities are vicariously liable for their employees' torts only as provided by statute; governmental entities are not additionally or alternatively liable under common-law vicarious liability doctrines.

240 F.Supp.3d 426, 435–36 (D.S.C. Mar. 8, 2017) (internal citations omitted)); *see* S.C. Code Ann. § 15-78-70(a) ("This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity. An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)."). Even if the common law doctrine of vicarious liability applied here, the Court finds Plaintiff's allegation in his Complaint that Reese was acting within the course and scope of his official duties as an SCDC employee at the time of the incident sufficiently alleges that SCDC should be held vicariously liable for Reese's conduct.

Similarly, the Magistrate Judge erred in finding Plaintiff's allegation that Reese intended to harm him "brings Reese's conduct outside the scope of employee conduct for which SCDC would be responsible under the SCTCA." ECF No. 26 at 6; *see Newkirk*, 240 F.Supp.3d at 436 ("The text of the relevant SCTCA exception is disjunctive: [t]he state is immune either if the employee acted outside the scope of his duties *or* if his conduct constitutes actual fraud, actual malice, intent to harm, or moral turpitude."); *id.* at 437 ("Although those terms 'must be liberally construed in favor of the governmental defendant,' they cannot fairly be construed to encompass every instance of any intentional tort. Indeed, each tort [Plaintiff] alleges could be committed without actual

malice or intent to harm." (quoting *Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs.*, 597 F.3d 163, 178 (4th Cir. 2010))).[3]

Upon review of Plaintiff's gross negligence claim against SCDC for Reese's tortious conduct under the SCTCA, the Court finds Plaintiff sufficiently alleged a duty of care that SCDC owed to Plaintiff as an inmate housed in SCDC's Broad River Correctional Institution.   "In a negligence action, a plaintiff must show that the (1) defendant owes a duty of care to the plaintiff, (2) defendant breached that duty by a negligent act or omission, (3) defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) plaintiff suffered an injury or damages." *Steinke v. S.C. Dep't of Lab., Licensing, and Regul.*, 520 S.E.2d 142, 149 (S.C. 1999).  "An essential element in a cause of action based upon negligence is the existence of a legal duty of care owed by the defendant to the plaintiff." *Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 128 (S.C. 2010).  "A plaintiff alleging negligence on the part of a governmental actor or entity may rely upon a duty created by statute or one founded on the common law." *Id.* "[W]hen the duty is founded on the common law, we refer to this as a legal duty arising from 'special circumstances.'" *Id.*    Although the SCTCA generally exempts a governmental entity from liability "for a loss resulting from . . . responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any

---

[3] In Footnote two of the Report, the Magistrate Judge states that Plaintiff's allegation of an intent to harm "would not necessarily preclude a gross negligence claim against SCDC."  ECF No. 26 at 6 n.2.  This Court agrees.  Indeed, there is arguably a genuine issue of material fact as to whether Reese intended to harm Plaintiff when he pushed him and caused him to fall to the ground.  Moreover, for the reasons stated above, any alleged failure on Plaintiff's part to allege vicarious liability does not preclude this Court from analyzing Plaintiff's gross negligence claim to hold SCDC liable for Reese's tortious conduct under the SCTCA.

. . . prisoner," there is an exception to this exclusion "when the responsibility or duty is exercised in a grossly negligent manner."  S.C. Code Ann. § 15-78-60(25).

Here, because Plaintiff was detained in a correctional facility operated by SCDC at the time the incident occurred, SCDC, through its employee Reese, owed him a duty to exercise reasonable care under the circumstances.  *See* Restatement (Second) of Torts § 314A(4) ("One who is required by law to take . . . the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a similar duty to the other."); *id*. § 314A(1)(a) (noting the "similar duty" is to "take reasonable action . . . to protect them against unreasonable risk of physical harm"). Indeed, Plaintiff's allegation that he was an inmate at Broad River Correctional Institution, a facility maintained and controlled by SCDC, creates special circumstances establishing a common law duty of care.  *See Rayfield v. S.C. Dep't of Corrs.*, 374 S.E.2d 910, 918 (S.C. Ct. App. 1988) (holding that a special relationship arose between an inmate and SCDC from the custody that the SCDC exercised over him); *see also Estate of Hammers v. Douglas Cnty., Kan. Bd. of Comm'rs.*, 303 F.Supp.3d 1134, 1152 (D. Kan. Mar. 28, 2018) (noting "correctional facilities owe inmates a duty of care" to "exercise reasonable and ordinary care for the life and health of the prisoner").

Accordingly, the Magistrate Judge erred in finding Plaintiff did not specify a common law duty of care that applies to this case. *See Lee v. Corr. Corp. of Am./Corr. Treatment Facility*, 61 F.Supp.3d 139, 144–45 (D.D.C. Aug. 1, 2014) ("Although plaintiff has not identified a specific duty that defendant owed him, his amended complaint states that at the time of his fall he was detained in a prison operated by defendant.  Because the Court draws all inferences in favor of a plaintiff . . .  the Court can conclude from these

facts that defendant owed plaintiff a common-law 'duty of care to exercise reasonable care under the circumstances in the protection and safekeeping of prisoners.'" (internal citations omitted) (quoting *Toy v. D.C.*, 549 A.2d 1, 6 (D.C. Ct. App. 1988))).  Because Plaintiff has established a duty of care owed by SCDC, his gross negligence claim should proceed to a jury to determine whether SCDC breached that duty in a grossly negligent manner.[4]  Therefore, the Court sustains Plaintiff's objections and declines to adopt the Report as to this claim.

## II. Failure to Follow Organizational Values and Policies

In her Report, the Magistrate Judge analyzed certain South Carolina statutes that ostensibly served as the basis for Plaintiff's allegation that SCDC failed to follow prescribed organizational values, policies, procedures, and/or safety rules.  ECF No. 26 at 7–9.  Specifically, the Magistrate Judge noted that it appeared Plaintiff alleged a duty

---

[4] Neither party makes any argument as to the remaining elements required to establish a negligence claim.

arising from S.C. Code Ann. § 24-1-20[5] and SCDC's mission statement.[6]  *Id.* at 7.  The Magistrate Judge found that the public duty rule applied to bar Plaintiff's claim.[7]

Plaintiff does not appear to specifically object to the Magistrate Judge's findings on this issue, but to the extent that he does, his objections are overruled.  The Court agrees with the Magistrate Judge that the public duty rule applies to bar Plaintiff's claim that SCDC owed him a duty pursuant to statute or SCDC's mission statement.  "The 'public duty' rule presumes statutes which create or define the duties of a public office have the essential purpose of providing for the structure and operation of government or for securing the general welfare and safety of the public."  *Arthurs ex rel. Estate of Munn*

---

[5] Section 24-1-20 provides:

> It shall be the policy of this State in the operation of the Department of Corrections to manage and conduct the Department in such a manner as will be consistent with the operation of a modern prison system, and with the view of making the system self-sustaining, and that those convicted of violating the law and sentenced to a term in the State Penitentiary shall have humane treatment, and be given opportunity, encouragement and training in the matter of reformation.

S.C. Code Ann. § 24-1-20.

[6] The Report indicates that SCDC's mission statement provides, in part: "The mission of the [SCDC] is: Safety—we will protect the public, our employees, and our inmates."  ECF No. 26 at 8.

[7] The Magistrate Judge further determined that both the statute and the mission statement fell within the scope of Section 15-78-60(4) of the South Carolina Code, which provides that a governmental entity cannot be held liable for loss resulting from the "failure to adopt or enforce any law, whether valid or invalid, including but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies."  S.C. Code Ann. § 15-78-60(4).  Because the Court agrees with the Magistrate Judge that the public duty rule applies to bar Plaintiff's claim under the statute and mission statement, it need not address this alternative recommendation.

*v. Aiken Cnty.*, 551 S.E.2d 579, 582 (S.C. 2001). "Such statutes create no duty of care towards individual members of the general public." *Id.* However, "[a]n exception to [the public duty] rule of non-liability exists when a duty is owed to individuals rather than the public only." *Steinke*, 520 S.E.2d 149. There are six elements to determine whether a special duty exists:

> (1) an essential purpose of the statute is to protect against a particular kind of harm; (2) the statute, either directly or indirectly, imposes on a specific public officer a duty to guard against or not cause that harm; (3) the class of persons the statute intends to protect is identifiable before the fact; (4) the plaintiff is a person within the protected class; (5) the public officer knows or has reason to know of the likelihood of harm to members of the class if he fails to do this duty; and (6) the officer is given sufficient authority to act in the circumstances or he undertakes to act in the exercise of his office.

*Id.* at 150. The Court agrees with the Magistrate Judge that Plaintiff has not made any compelling argument that the statute or mission statement have the essential purpose of protecting identifiable individuals from a particular harm to create a special duty to satisfy the exception to the public duty rule. Therefore, Plaintiff's objections are overruled, and the Report is adopted as to this claim.

### III. Negligent Supervision/Training

The Magistrate Judge also determined that Plaintiff failed to establish a genuine issue of material fact that SCDC knew or should have known that Reese posed a danger of using unreasonable force on inmates prior to the incident in this case. ECF No. 26 at 11. Again, Plaintiff does not appear to raise any specific objections to the Report on this issue, but out of an abundance of caution, the Court has reviewed the issue de novo and overrules Plaintiff's objections.

"An employer may be liable for negligent supervision if the employee intentionally harms another when he: (i) is upon the premises in possession of the [employer] or upon which the [employee] is privileged to enter only as his [employee] . . . and . . . [the employer] (i) knows or has reason to know that he has the ability to control his [employee], and (ii) knows or should know of the necessity and opportunity for exercising such control." *Degenhart v. Knights of Columbus*, 420 S.E.2d 495, 496 (S.C. 1992). "Whether the claim is simply one of negligent failure to supervise or instead involves improper training, the key question is whether the employer knew or should have known of the danger the employee posed to others." *Holcombe v. Helena Chem. Co.*, 238 F.Supp.3d 767, 773 (D.S.C. Feb. 23, 2017).

In SCDC's Federal Rule of Civil Procedure 30(b)(6) deposition, the representative stated that SCDC had documented three instances in which Reese was found to be negligent—in 2005, 2010, and 2015. ECF No. 23-2 at 5–6. The documentation noted that these procedure violations were for unprofessional conduct and negligence in carrying out job responsibilities in a security and non-security setting. *Id.* It is not evident that these previous violations demonstrated that Reese posed any risk of using unreasonable force on inmates and that SCDC was or should have been aware of any such risk prior to the incident in this case. Therefore, Plaintiff's objections are overruled, and the Report is adopted as to this claim.

## IV. Claim for Costs of Future Dental Care

Lastly, the Magistrate Judge determined that, should this Court find merit to Plaintiff's gross negligence claim, SCDC's request to dismiss Plaintiff's claim for costs of future dental care should be denied. The Report stated that while expert testimony is required to support Plaintiff's claim, and he should have disclosed his expert witnesses

11

under Federal Rule of Civil Procedure 26(a)(2)(A), his untimely disclosure of expert witnesses was harmless because the case has only been pending for one year, and there is not yet a date certain for trial. ECF No. 26 at 12–13. SCDC objects and argues that permitting Plaintiff to name an expert witness nine months after the deadline to identify expert witnesses has expired and three months after the deadline for discovery would grant Plaintiff relief that he has never requested. ECF No. 27 at 4.

The Court agrees with the Magistrate Judge that expert testimony is required to support Plaintiff's claim for costs of future dental care. Despite the lack of explanation for why Plaintiff's medical witnesses were not timely disclosed as experts, the Court finds that, because this case has only been pending for approximately one and a half years, the untimely disclosure is harmless and does not prejudice Defendants, as additional time can and will be provided for them to depose Plaintiff's expert witnesses and to obtain their own expert witnesses if desired. Accordingly, Defendant's Objections are overruled, and the Report is adopted as to this claim.

## **CONCLUSION**

For the reasons set forth above, the Court overrules SCDC's Objections [28], sustains in part and overrules in part Plaintiff's Objections [27], and adopts in part and respectfully declines to adopt in part the Report [26]. Accordingly, SCDC's Motion for Summary Judgment [21] is **DENIED IN PART** and **GRANTED IN PART**. SCDC's request to dismiss Plaintiff's claim for costs of future dental care is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 17, 2022
Spartanburg, South Carolina