IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Montaine Lawton, ) | C/A No. 2:20-cv-01527-DCC |
|            Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Department of ) | **OPINION AND ORDER** |
| Corrections; and Captain Travis Reese, ) | |
| ) | |
|            Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff Montaine Lawton's Motion in Limine to exclude evidence of his convicting charge, criminal history, and disciplinary history, and Defendants South Carolina Department of Corrections ("SCDC") and Captain Travis Reese's Motion in Limine to prohibit any expert witness regarding Plaintiff's dental care. ECF Nos. 36, 37. Defendants filed a Response in Opposition to the Plaintiff's Motion, and Plaintiff filed a Reply. ECF Nos. 39, 41. Plaintiff filed a Response in Opposition to Defendants' Motion. ECF Nos. 38. For the reasons set forth below, the Motions are granted.

## **BACKGROUND**

This case arises from an incident at Broad River Correctional Institution in Columbia, South Carolina on August 1, 2018. ECF No. 1-1 at 3. Plaintiff, an inmate, was being escorted to medical by Reese, an employee of SCDC, when Reese pushed him, causing him to fall to the ground and sustain bodily injuries. *Id.* at 2–3. Plaintiff's arms and legs were shackled, and his hands were cuffed behind his back at the time. *Id.* at 3. The incident was captured on video inside the correctional facility, and neither SCDC nor

Reese deny that the incident occurred. ECF Nos. 21-1 at 1; 23-3 at 4–5. Reese was thereafter charged with Assault and Battery in the Third Degree and Misconduct in Office. ECF No. 21-3 at 2.

Plaintiff brought suit against SCDC and Reese in the Court of Common Pleas for the Fifth Judicial Circuit in Richland County, South Carolina on August 29, 2019. ECF No. 1-1. In his Complaint, Plaintiff alleged a violation of his constitutional rights pursuant to 42 U.S.C. § 1983 against Reese and a state law gross negligence claim against SCDC. *Id.* at 2–5. SCDC removed the case to this Court on April 21, 2020. ECF No. 1 at 1–3.

SCDC filed a Motion for Summary Judgment on April 26, 2021. ECF No. 21. Plaintiff filed a Response in Opposition on May 11, 2021, and SCDC filed a Reply on May 18, 2021. ECF Nos. 23, 24. The Magistrate Judge issued a Report and Recommendation ("Report") on June 29, 2021, recommending that the Motion be granted and Plaintiff's gross negligence claim against SCDC be dismissed with prejudice. ECF No. 26. Both Plaintiff and SCDC filed objections to the Report. ECF Nos. 27, 28. This Court overruled SCDC's Objections, sustained in part and overruled in part Plaintiff's Objections, and adopted in part and respectfully declined to adopt in part the Report. ECF No. 30. Thus, the Court denied in part and granted in part SCDC's Motion for Summary Judgment and denied SCDC's request to dismiss Plaintiff's claim for costs of future dental care. *Id.*

Thereafter, Plaintiff and Defendants filed Motions in Limine to exclude certain evidence. ECF Nos. 36, 37. Defendants filed a Response in Opposition to Plaintiff's Motion, and Plaintiff filed a Reply. ECF Nos. 39, 41. Plaintiff filed a Response in Opposition to Defendants' Motion. ECF Nos. 38. The Motions are now before the Court.

**APPLICABLE LAW**

A district court has "broad discretion" in deciding a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 Fed. App'x 220, 222 (4th Cir. 2012). Additionally, "[q]uestions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); *see also United States v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012) (Wilkinson, J., concurring in part) ("[A]ssessing [whether evidence is] relevan[t] is at the heart of the district court's trial management function."); *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 194 (4th Cir. 1982) (noting that "many details of trial management [are] necessarily committed to broad trial court discretion").

**DISCUSSION**

**I. Plaintiff's Motion in Limine**

Plaintiff requests that this Court exclude any evidence from use at trial that relates to the charge for which he was convicted and incarcerated at Broad River Correctional Institution, his criminal history, and his disciplinary history while in custody because it is irrelevant to his present allegations against Defendants. ECF No. 36 at 1. The Court agrees that, at this stage of the litigation, evidence of Plaintiff's offense of conviction, criminal history, and disciplinary history is not directly relevant to Plaintiff's 42 U.S.C. § 1983 and gross negligence claims against Defendants. Indeed, there is a significant danger that its probative value could be substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury under Federal Rule of Evidence 403. Moreover, it is well established that Defendants cannot use the evidence to show that Plaintiff is a bad person under Federal Rule of Evidence 404. Therefore, the Court grants Plaintiff's Motion at this time. However, the Court notes that there may be areas in which

the information becomes relevant and probative as the evidence develops at trial and where a proper foundation is laid. Accordingly, the Court reserves any further decision regarding the admissibility of such evidence to be addressed at the appropriate time.

## II. Defendants' Motion in Limine

Defendants ask this Court to prohibit Plaintiff from presenting any expert witness to offer expert dental opinions regarding Plaintiff's diagnosis, prognosis, and future dental needs and expenses. ECF No. 37 at 1. Defendants claim that Plaintiff has not previously designated any expert witness in the case under Federal Rule of Civil Procedure 26(a)(2)(A); Plaintiff has not produced any expert report or dental records upon which Plaintiff expects to rely; and Defendants have not had the opportunity to depose any dental expert witness or obtain a rebuttal expert. *Id.* at 2–4. In Plaintiff's Response to Defendants' Motion, Plaintiff indicates that he will withdraw his claim for future medical expenses. ECF No. 38 at 1. Thus, because Plaintiff's withdrawal of his future dental costs claim negates any need for expert testimony in this case, the Court grants Defendants' Motion. Plaintiff, himself, will be permitted to testify, if he so chooses, regarding his injuries as of the date of trial. However, Plaintiff will not be permitted to speculate as to any damages he may suffer or expenses he may incur in the future as a result of his injuries.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion in Limine [36] and Defendants' Motion in Limine [37] are **GRANTED**.

IT IS SO ORDERED.

                                                                                   s/ Donald C. Coggins, Jr.
                                                                                    United States District Judge

June 17, 2022
Spartanburg, South Carolina